**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | BK No. 18 B 03134 |
| In Re:  Mohammad Tahseen, | ) | Chapter 13 |
| | ) | Honorable LaShonda A. Hunt |
| Debtor. | ) | |

**STATUS REPORT OF CREDITOR TTLBL, LLC AND OBJECTION TO
DEBTOR'S MOTION TO AUTHORIZE DEBTOR TO  SELL REAL ESTATE**

Creditor TTLBL, LLC ("TTLBL"), purchaser of delinquent real estate taxes of the property located at 128 Essex Road, Elk Grove Village, Illinois ("the Essex Property"), by its attorney, Michael M. Tannen of Tannen Law Group, PC, hereby tenders its status report and objections to Debtor's motion to authorize Debtor to sell the Essex Property.

**Status Report**

1.     As a threshold matter, TTLBL has received authorization from the Chapter 7 Trustee, Andrew Maxwell, to advise this Court that the Chapter 7 Trustee is opposed to Debtor's motion to authorize the Debtor to sell the Essex Property.

2.     In September 2018, this case was converted voluntarily to a Chapter 7 proceeding, primarily because Debtor has been unemployed for more than two years and because his amended Chapter 13 Plan was to be fully funded by overseas family members. (See Doc. Nos. 21, 31, and 33.)

3.     TTLBL has respected the automatic stay during the entire pendency of the Chapter 13 and Chapter 7 proceedings.

4.     Prior to Debtor's filing of bankruptcy, TTLBL paid more than $53,000.00 in delinquent real estate taxes for the years 2012, 2013, 2014, 2015, and the first

installment of 2016.  The real estate taxes for the second half of 2016, all of 2017, and the

first installment of 2018 are unpaid.

5.      In October 2018, Debtor formally announced his intention to abandon the

Essex Property. (See Doc. No. 71.)

6.      More than $80,000.00 in delinquent real estate taxes, penalties and interest

have accrued on the Essex Property.  TTLBL currently retains the right under state law to

obtain a sale in error.   If TTLBL were to obtain a sale in error, the taxes TTLBL

previously and those not paid would become due and owing all over again with

significant interest and penalties.  TTLBL estimates that the current $80,000.00 would

morph into approximately $118,000.00.

7.      The Essex Property is uninsured.   Because TTLBL does not own the

Essex Property, it does not have an insurable interest and cannot procure even forced

place insurance.

8.      The Essex Property is not currently in a marketable condition.  Among

other things, the roof needs replacing and Debtor has split four bedrooms into eight tiny

bedrooms.   Moreover, in his Chapter 13 pleadings, Debtor allocated no money to

maintenance or upkeep of the Essex Property.   As of the time that his Chapter 13

proceeding was converted, Debtor had been unemployed for nearly two years.

9.      For the last several months, TTLBL and the Trustee have been negotiating

an agreement by which TTLBL would proceed to tax deed,  and then market and sell the

Essex Property.  As part of their settlement, TTLBL would, if feasible, pay for the

renovation the Essex Property to fetch a greater sales price than were the house sold as is.

Significant sums of money would be available to distribute to the Trustee, the Debtor,

and creditors of the Debtor's estate.   The settlement would be approved by the Court after notice per a Rule 9019 motion.

10.     In early May, TTLBL sent the Trustee a proposed settlement agreement. TTLBL and the Trustee have concurred on virtually all material terms.  However, neither the Trustee nor TTLBL have had access to the Essex Property to ascertain the depth and breadth of deterioration or to estimate the cost of renovation to confirm that renovation is feasible.

**Objections to Debtor's Motion to Authorize Debtor to Sell**

11.     As set forth above, the Chapter 7 Trustee opposes the Debtor's motion to authorize Debtor to sell the Essex Property.

12.     Debtor lacks the resources and wherewithal to renovate the home or to market or sell it.  TTLBL has both.

13.     TTLBL's settlement proposal will yield more money for the Estate, the Trustee and the Debtor than Debtor's proposal.

14.     Debtor should not be allowed to sell real property which he has failed for years to insure, maintain, or pay real estate taxes for.

15.     Moreover, if  Debtor's motion is granted, TTLBL will obtain a sale in error which will add almost $40,000.00  in real estate taxes.  Moreover, an interested party, willing and able to renovate, market, and sell the Essex Property, will exit stage left.  That scenario is certainly not in the best interests of the estate, creditors, or Debtor.

## Request for Access to the Essex Property

16.     TTLBL and the Trustee seek this Court's assistance in requiring Debtor to permit them and their agents to inspect the exterior and interior of the Essex Property so that they can determine its current value and ascertain the scope and costs of renovation. This inspection is necessary for the Trustee and TTLBL to consummate their settlement agreement.

Respectfully Submitted,

TANNEN LAW GROUP, P.C.

By:     /s/ *Michael M. Tannen*

Attorneys for Tax Purchaser TTLBL, LLC

Michael M. Tannen (#6204635)
*mtannen@tannenlaw.com*
Timothy R. Meloy (#6325769)
*tmeloy@tannenlaw.com*
Tannen Law Group, P.C.
19 S. La Salle Street, Suite 1600
Chicago, IL 60603
(312) 641-6650