## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

|  |  |  |
|---|---|---|
| In Re:  Mohammad Tahseen, | ) | BK No. 18 B 03134 |
|  | ) | Chapter 7 |
|  | ) | Honorable LaShonda A. Hunt |
| Debtor. | ) |  |

## RESPONSE OF CREDITOR AND TAX CERTIFICATE ASSIGNEE
## CHICAGO TRUST COMPANY T/U/T #SBL-4729
## TO AFFIDAVITS OF DEBTOR'S COUNSEL

Creditor and Purchaser/Assignee of Tax Certificate Chicago Trust Company T/U/T #SBL-4729 ("Chicago Trust") for Assignor TTLBL, LLC ("TTLBL"), purchaser of delinquent real estate taxes of the property located at 128 Essex Road, Elk Grove Village, Illinois ("the Essex Property"), by its attorney, Michael M. Tannen of Tannen Law Group, PC, hereby tenders its response to the affidavits of Debtor's counsel, Doc. Nos. 110 and 111.

1.     On June 20, 2019, the parties appeared before this Court for status on the Court's prior order that representatives of Chicago Trust and the Trustee be permitted access to the Essex Property.  Over the course of the last several months, Chicago Trust and the Trustee have negotiated an agreement in principle whereby Chicago Trust would obtain title to the Essex Property, potentially renovate and sell it, and distribute substantial proceeds to unsecured creditors after the Trustee received his fees and Debtor received his homestead exemption.

2.     On June 20, 2019, this Court denied without prejudice Debtor's motion to re-convert this case back to a Chapter 13 proceeding after Debtor had voluntarily converted his Chapter 13 case to the current Chapter 7 proceedings.

3.     At the June 20, 2019 court appearance, this Court was advised that Debtor's lead counsel had communicated directly with TTLBL and Chicago Trust even though Debtor's lead counsel knew these parties were represented by counsel.  That communication was sent to

Debtor, the attorney handling the currently stayed tax deed case in state court, and <u>Chicago</u>

<u>Trust's representative Mitch Rattner</u>.  (This email is attached as **Exhibit A**.)  In pertinent part,

Debtor's lead counsel stated:

> "Good morning.
>
> I represent Mr. Tahseen.  Did you receive payment?  Did the assignment described in the email occur?  If I'm correct, this payment extinguishes Tannen's interest correct?
>
> <u>Mr. Tannen will not confirm the payment or assignment occurred.</u>"  (Emphasis added.)

4.       One thing led to another, and this Court  continued this case to July 3 and ordered

that Debtor's lead counsel personally appear.

5.       Later on June 20, Debtor's lead counsel  sent an email to Chicago Trust's counsel,

attached hereto as **Exhibit B**.  In relevant part, that email stated:

> "You told the judge I threatened you today in the Tahseen matter.
>
> Other than your false statements, what threats are you referring to?  <u>Slandering me in front of the judge is not a good idea.</u>"[1]

6.       Chicago Trust's counsel responded  later on June 20:

> "Mr. Fonfrias:
>
> If you want to know what I actually said, you should order the transcript from today's proceedings.  Judge Hunt's minute order should be posted in about an hour and a half.  You may find her order illuminating.
>
> I have answered all of your questions on multiple occasions. "  (See **Exhibit C**.)

7.       On June 30, Debtor's lead counsel filed an affidavit denying he made any threats.

(Doc. No. 110)  Since the undersigned counsel never said he was threatened, this affidavit is a

strawman and should be disregarded.

---

[1] If anything, the underlined statement sounds like a threat, but the undersigned counsel has thick skin.

8.    On June 30, Debtor's lead counsel filed another affidavit to respond to the Court's comments about his use of coverage counsel. (Doc. No. 111)  The undersigned counsel has personally appeared at both Rule 341 meetings and at least a dozen court appearances since Debtor first sought Chapter 13 protection in February 2018.  Debtor's lead counsel has never appeared before this Court in this case.  He has chosen to use coverage counsel, Raymond Kurz.

9.    The undersigned counsel will say in this pleading what he said in open court on June 30 and what he has told Mr. Kurz privately on several occasions.  Coverage counsel is everything lead counsel says he is—competent, punctual, and a perfect gentlemen with a wry sense of humor.

10.    The rub and frustration comes when coverage counsel has not been fully apprised about the current status of things.   The undersigned counsel does not blame coverage counsel for this breakdown in communication, but it has certainly been frustrating.

11.    The undersigned counsel requests nothing from opposing counsel other than civility and that whoever appears before the court on behalf of Debtor is up to speed on what is going on.

Respectfully Submitted,

TANNEN LAW GROUP, P.C.

By:   /s/ *Michael M. Tannen*

Attorneys for Creditor and Purchaser/Tax Certificate
Assignee Chicago Trust Company T/U/T #SBL-4729

Michael M. Tannen (#6204635)
*mtannen@tannenlaw.com*
Timothy R. Meloy (#6325769)
*tmeloy@tannenlaw.com*
Tannen Law Group, P.C.
19 S. La Salle Street, Suite 1600
Chicago, IL 60603
(312) 641-6650