**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MOHAMMAD TAHSEEN | ) | CASE NO. 18-3134 |
| | ) | |
| DEBTORS | ) | JUDGE: LASHONDA HUNT |
| | ) | |

**RESPONSE TO CREDITOR AND PURCHASER OF TAX CERTIFICATE CHICAGO TRUST COMPANY'S SECTION 707(a) MOTION TO DISMISS DEBTOR'S CONVERTED CHAPTER 7 CASE**

NOW COMES Mohammad Tahseen, the Debtor, by and through his attorney, Richard G. Fonfrias and responds to Chicago Trust Company's Motion to Dismiss and in support thereof avers as follows.

## BACKGROUND

On February 4, 2018 Mr. Tahseen filed the instant bankruptcy case under Chapter 13 of the Bankruptcy Code.  He filed the case for the purposes of saving his home located at 128 Essex Road in Elk Grove Village, IL.  At the time the case was filed, there was a substantial arrearage in property taxes, there is no mortgage on the home and equity in the property.  At the time of filing, the Debtor was depending on contribution from family to make the necessary payments. The Court determined that the plan, based upon contributions, was unfeasible.  The court gave Mr. Tahseen an opportunity to consider conversion.  The Debtor elected to convert the case to one under Chapter 7.

Upon conversion, the Debtor attended the Chapter 7 meeting of creditors which was eventually concluded and the Trustee filed an asset report, that asset being Mr. Tahseen's residence.  Mr. Tahseen took the required debtor education course, the time to object to discharge or dischargeability passed and on December 26, 2018 the Debtor received his discharge.

Subsequently, the Debtor obtained a job, attempted to reconvert several times, all of which were denied.  There have been issues with access to the property.  The Trustee has been

working towards administering the estate. On October 17, 2019, Chicago Trust Company's attorneys filed the instant motion to dismiss or modify stay.

## **ARGUMENT**

I. <u>The motion to dismiss must be denied as untimely due to the Debtor already receiving his discharge</u>

As stated in the original motion, the Debtor received his discharge on December 26, 2018. Generally speaking, bankruptcy proceedings have one of three possible outcomes. Those are discharge, dismissed, or closed without discharge. The last option isn't applicable to the instant case. If this case is dismissed in its present state it creates a situation where both the discharge and dismissal orders are valid and conflicting. All of the creditors would still be enjoined from collecting the debts, but the case would not have technically concluded. Neither the rules nor the code provide for a situation where a case is discharged and dismissed. The only code section dealing with the effects of dismissal is 11 U.S.C. §349. The section only provides for the undoing of transfers of property of the estate and the revesting of certain property. 11 U.S.C. §349 (2019). Counsel has been unable to find any case law on point, other than cases denying a Debtor's motion to dismiss for failing to meet the for cause standard, alluding to the issue of the existence of the discharge order as well. The best example in this instance is the common practice of the U.S. Trustee and Individual Trustees in this district. When they file a motion to dismiss for failure to attend the meeting of creditors the motion is sometimes heard after the date to object to discharge has passed or would pass if the court continues the motion for one final attempt at holding the meeting, the Trustee will always ask for an extension of time to object to discharge to ensure no discharge is issued. This prevents the complication of the motion to dismiss.

In the instant case, the issue that the movant has is that if dismissal is granted, it creates a conflict with the discharge order. As a result, so long as the discharge order exists, the motion to dismiss must be treated as untimely.

   WHEREFORE, Debtor prays that this Honorable Court deny the motion to dismiss and for any other relief deemed necessary and just.

                  Respectfully submitted,

                  By: ***/s/ Richard G. Fonfrias***
                  Attorney for Debtor

Richard G. Fonfrias
Fonfrias Law Group, LLC.
First National Plaza
70 West Madison Suite 1400
Chicago, IL 60602
312-969-0730
F: 312-624-7954