IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mohammad Tahseen, | ) | Chapter 7 |
| | ) | Case No. 18-03134 |
| Debtor. | ) | Judge David D. Cleary |

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO RECONVERT CASE FROM A CHAPTER 7 TO CHAPTER 13**

Mohammad Tahseen ("Debtor"), by and through his attorneys, John H. Redfield and the firm of Crane, Simon, Clar and Goodman, files his Memorandum of Law in Support of his Motion to Reconvert from a Chapter 7 to a Chapter 13 ("Motion"), by stating as follows:

**BACKGROUND STATED IN MOTION**

Initially, the Debtor filed a chapter 13 case on February 14, 2018, to prevent a tax buyer from obtaining ownership of the Debtor's residential real property ("Property") and to preserve the substantial equity in the Property. On September 20, 2018, the case was converted to a Chapter 7. Andrew Maxwell, as the chapter 7 trustee ("Trustee"), has not sold the Property in over 1 year and 9 months of his administration of the bankruptcy case. The Debtor disputes the allegation of the Trustee that he has interfered with the sale of the Property. The Trustee has listed the Property for almost $280,000, and the tax buyer alleges he is owed approximately $100,000. The tax buyer filed a secured proof of claim in 2018 for almost $60,000. There is no mortgage against the Property.

The Debtor has stated in his Motion that in March of 2020, for the first time since the filing of his case, that he has obtained permanent employment resulting in a substantial change in circumstances. The Debtor has filed, under oath, amended schedules I and J showing disposable

income of over $5,000 per month that equates to over $300,000 over a 60-month period, which is more than the listing price of the Property.

## APPLICABLE LAW AND ANALYSIS

*In re Sherman,* 600 B.R. 453,456-457 (Bankr. D.N.M. 2019), states that there is a split of authority as to whether a Debtor may reconvert his chapter 7 case back to a chapter 13 case and the court lists the cases on both sides of the issue. The court decided the case on the merits and did not take the position that the debtor was prohibited from reconverting back to a chapter 13 pursuant to 11 U.S.C. § 706.

*In re Povah*, 455 B.R. 328, 340-341 (Bankr. D.Mass. 2011) performs a detailed statutory construction on why bankruptcy courts have discretion in determining whether it may reconvert a case from chapter 7 to chapter 13 and why the courts are not prohibited from reconverting a case from chapter 7 to chapter 13. *In re Povah, supra,* analyzed 11 U.S.C. § 706(a)-(d), as a whole, to determine the plain language of the statute including "the identification of the relevant actor in subsections (a) and (c) was no accident." In exercising its discretion as to whether to reconvert the case to a chapter 13, the bankruptcy court must examine the good faith of the debtor and the feasibility of proposing a chapter 13 plan.

In this case, the Debtor is requesting a reconversion from chapter 7 to chapter 13 based on a substantial change in circumstances. In March of 2020, the Debtor obtained permanent employment for the first time since the filing of the above bankruptcy case. The Debtor's disposable income of over $5,000 per month will fund a 60-month chapter 13 plan that exceeds the Trustee's listing price of the Property with his broker in the approximate amount of $280,000. Therefore, the Debtor has filed his Motion in good faith and has the ability to file a feasible Chapter

13 plan. The Trustee has been administering the case for over one year and nine months and has not sold the Property.

The other objecting party is the tax buyer. At most, the tax buyer has a secured claim for $100,000. The proof of claim of the tax buyer, filed in 2018, is for approximately $60,000. The tax buyer is attempting to obtain a huge windfall profit at the expense of the Debtor and his creditors. This is self-evident after comparing the secured claim of the tax buyer to the listing price of the Trustee.

WHEREFORE, for the above and foregoing reasons, the Debtor, Mohammad Tahseen, respectfully requests that his Motion to reconvert the case from a chapter 7 to a chapter 13 be granted, and for such other relief as the Court deems just and proper.

> Respectfully Submitted,
>
> Mohammad Tahseen, Debtor
>
> By:/s/John H. Redfield
>     One of His Attorneys

**Debtor's Counsel:**
John H. Redfield (Atty. No. 2298090)
Crane, Simon, Clar & Goodman
135 S. LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777
W:\JHR\Tahseen, 7 to 13\Memorandum Reconversion.docx