IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| MOHAMMAD TAHSEEN, | ) | No. 18-03134 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | Chapter 7 |

## TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL

Andrew J. Maxwell, Trustee, by his attorneys, states the following as Trustee's Application to Employ Special Counsel ("Application"), seeking to employ Matthew A. Flamm and Flamm & Teibloom, LLC, (collectively the "Firm" or "Special Counsel") as special counsel to the estate to advise and represent the estate in regard to the real estate and related issues more particularly described in this Application:

1. This case was commenced by Debtor filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. He voluntarily converted the case to a Chapter 7 case on September 20, 2018.

2. Andrew J. Maxwell was appointed as Chapter 7 Trustee. The first meeting of creditors was held and concluded. The Debtor received a discharge. Trustee filed his initial report of possible assets on December 5, 2018, so that a "bar date" for claims could be set. That date, March 8, 2019, has passed.

3. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A).

4. The Debtor scheduled real estate commonly known as 128 Essex Road, Elk Grove Village, Illinois (the "House"). As of the commencement date, the House did not have a mortgage encumbering it but did have substantial amounts of unpaid real estate taxes at least

some of which had been sold to a tax buyer that sought to obtain ownership of the House. Debtor represents that he resides in the House. The House is property of the estate pursuant to Section 541(a)(5)(A), Title 11 U.S.C. (the "Bankruptcy Code"). There are no funds in this bankruptcy case and no other apparent assets that can be liquidated other than the House.

5.  Trustee employed a real estate broker to market and sell the House and that motion was granted by the Court. Trustee listed the House for sale on the multiple listing service. The Trustee's broker reported to Trustee that Debtor was uncooperative and made it virtually impossible to show the House to prospective purchasers. The broker told the Trustee he believed he could sell the House for a fair price which would allow a substantial distribution to creditors in this case **if** he could be assured of access when showing appointments or inspections were scheduled and Debtor would not otherwise interfere with the sale process. The broker has recently reaffirmed his belief to the Trustee, including that there is an offer to purchase the House by a third party.[1]

---

[1] Debtor allegedly married during the pendency of this bankruptcy case. To further impede the sale of the House, his alleged wife, Samantha Tahseen, filed two Chapter 13 cases asserting, without any factual basis, that she owned an interest in the House and therefore the Trustee in this case could not sell the House.. The wife's cases were not filed as a related case and the Chapter 7 Trustee was not included on the creditor matrix. Case no. 19-27591 (dismissed at docket no. 75) and Case no. 20—1797 (dismissed with a bar order at docket 42-44).

 This Debtor made four motions to reconvert the case to Chapter 13 or dismiss the case (*e.g.*, docket 107, 119, 138, 146) alleging changed circumstances. Each of those motions was denied. A good recitation of the tortured history of this case to June 2020 are set forth in "Secured Creditor Chicago Trust Company's Response to Debtor's Fourth Motion to Reconvert His Voluntarily Converted Chapter 7 Case to a Chapter 13 Case" (docket 142).

 Debtor recently filed a Debtor's Motion To Compel Abandonment of 128 Essex Road, Elk Grove Village, IL ("Compel Motion") (docket 152). On the date of presentment in Court, the Debtor withdrew the Compel Motion. Debtor also filed a document indicating payment of a number of real estate tax bills (docket 153).

 During the Chapter 7 administration, Debtor purported to convey partial ownership of the House by deed to Samantha Tahseen. Debtor and Samantha recently purported to grant a mortgage on the House in the approximate amount of $250,000, and that mortgage is recorded with the Cook County Recorder.

6. During the administration of the bankruptcy case, the tax buyer modified the automatic stay to permit it to seek a tax deed. The tax buyer has not obtained a tax deed for the House but has reiterated to Trustee that it wants to do that. Trustee believes that some resolution of the tax buyer's position will be necessary before the House can be sold.

7. The Trustee needs to employ special counsel to represent the estate in seeking a resolution of the real estate and the real estate tax issues in order to complete administration and recover funds into the estate for the benefit of creditors. Trustee has consulted with the Firm in regard to representing the estate and has discussed the issues with Mr. Flamm.

8. The Trustee now seeks to employ the Firm as special counsel for the estate. Employment would be on an hourly basis plus expenses incurred to be paid out of the estate as a Chapter 7 administrative expense upon proper application and allowance by this Court.

9. On information and belief, the Firm does not represent or hold any interest adverse to the Debtor, the Trustee, or the bankruptcy estate on the matters on which they are to be employed, and is a "disinterested" person within the meaning of Section 327(a), Title 11 U.S.C. In support of this Application, the Trustee has filed the Unsworn Declaration of Matthew A. Flamm, attached hereto as an exhibit. Trustee requests the employment of the Firm be approved effective May 26, 2021, when Firm began assisting Trustee.

10. At least five business days notice of this Application has been provided to the Debtor's bankruptcy attorney of record, the proposed Special Counsel (by email), the United States Trustee, the attorney for the real estate tax buyer, and any others having registered to receive electronic notices in this case. To the extent possible, service was made pursuant to Section II (B) (4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants and otherwise by depositing same in the United States Mail, postage prepaid, unless otherwise indicated on the service list. Further notice should not be required at this time.

WHEREFORE, Andrew J. Maxwell, Trustee, prays this Court to enter an order granting him the relief sought in this Application and granting such other and further relief as this Court deems just and fair.

> Respectfully submitted,
> Andrew J. Maxwell, Trustee
>
> BY   */s/ Andrew J. Maxwell*
> One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group
3010 N. California Ave.
Chicago, Illinois 60618
312/368-1138