IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                        )
MOHAMMAD TAHSEEN,                              )        No. 18-03134
                                              )        Hon. David D. Cleary
                        Debtor.               )        Chapter 7
                                              )        Hearing date: August 4, 2021
                                              )        Hearing time: 10:30 a.m.


**TRUSTEE'S RESPONSE TO DEBTORS' OBJECTION TO MOTION FOR ENTRY OF ORDER HOLDING DEBTOR IN CONTEMPT OF COURT**

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to Fed.R.Bankr.P. 9020 and

Local Bankruptcy Rule 9020-1, states the following as Trustee's Response to Objection to

Motion For Entry of Order Holding Debtor in Contempt of Court (the "Contempt Motion") for

Debtor's willful and intentional disobedience to an order of this Court

1.      Trustee filed and presented his Motion to Compel Debtor to Deliver Property of

the Estate and for Other Relief ("Turn over motion").  The Court granted the Turnover motion by

order on June 23, 2021 ("Turn over order")(docket 172)  The Turnover order was served to

Debtor by Trustee on June 23, 2021.  Trustee filed a certificate of service of same.  A copy of the

Turn over order is attached for the Court's convenience.

2.      Debtor has partially complied with the terms of the Turnover order by tendering

certain documents, as Trustee has previously informed the Court.  Debtor has not complied with

other parts of the Turnover order, most notably the failure to turn over any funds to the estate and

to tender a full accounting of receipts and disbursements of the proceeds of the mortgage loan he

improperly obtained against property of the estate.  After several hearings on the status of the

Turnover order, the Court indicated the next step was for the Trustee to move for issuance of a

rule to show cause if the Trustee felt the Debtor had not complied.

3.       Trustee filed Trustee's Motion For Entry of Order Holding Debtor in Contempt of Court (the "Contempt Motion").because Debtor has not complied with the Turnover order.

4.       Debtor filed Debtor's Objection to Trustee's Motion for Entry of Order Holding Debtor in Contempt of Court ("Objection to Contempt Motion").  The Objection to Contempt Motion sets forth a blend of red-herring criticism of the trustee, an effort to impede Trustee's administration, and a poorly founded technical objection.  What it does not set forth is a) Debtor has refused to turn over any of the proceeds of the property of the estate that he converted by placing a mortgage against a free and clear parcel of real estate, notwithstanding that Debtor was ordered to make "payment to Trustee in the full amount of the proceeds of the mortgage loan in a manner that will most expeditiously transfer the funds from the Debtor to the Trustee" (Turnover order para. c);  b) that Debtor intends to turn over any funds unless the Trustee settles with him on his terms; c) that Debtor created a check payable to the Trustee to convince the Court that represents his "good faith that those proceeds were not being dissipated", then refused to tender the check to the Trustee (see attached email string between Trustee and Debtor's new attorney seeking delivery of that check); d) Debtor has not provided to Trustee "a copy of each bank or other financial statement where the mortgage loan proceeds were deposited …" (Turnover order para d)).  So, five weeks after the entry of the Turnover order, the Trustee knows that Debtor converted $184,637 of proceeds from property of the estate but that **zero** funds have been paid to the bankruptcy estate.  Trustee has reviewed documents, mostly Debtor's self-serving, conclusory analysis, but no proof of payment or ability to track the flow of funds, in complete contravention and violation of his duty owed to the Trustee and to his creditors, that show Debtor allegedly expended the proceeds of property of the estate to make his life more comfortable and to fight the Trustee by a) paying $7535 to "attorneys" not identified (presumably Mr. Naumann's firm),  b) a roof on the real estate $12,595 , c) a new air conditioning system for the real estate

2

$5,178, d) an upgrade to electric system for the real estate $7208, and e) new siding for the real estate $24,350.  A copy of Debtor's one page Xcel spreadsheet, without any detail or back up documentation, is attached as an exhibit.  Amount paid to creditors other the real estate taxes is **zero.**

5.      Debtor continues to take advantage of this Court by accepting all the benefits of the bankruptcy case and ignoring his obligations.  Debtor has "thumbed his nose" at this Court and the Trustee for over two years and now demands that he somehow has the right to hold and determine how to spend proceeds from property of the estate and to sanctimoniously assert that he is acting in good faith and that he has been "diligent and energetic in attempting to accomplish what was ordered".  Objection to Contempt Motion para. 29, page 5.  The Debtor has "violated an order that sets forth in specific detail an unequivocal command from the court."  Objection to Contempt Motion, para. 7 page 2, and Para. 27 page 5, citing Pearle Vision, Inc. v. Romm, 541 F.3d 751,757 (7th Cir. 2008)  This Debtor is in willful and continuing contempt of this Court.

6.      This Court should grant Trustee's Motion for Contempt and set a hearing to determine sanctions.  In addition, it is imperative that Debtor not be allowed to withhold proceeds of property of the estate and should be ordered – again – to turn over any proceeds not previously dissipated by him.

Respectfully submitted,
Andrew J. Maxwell, Trustee

BY:   _/s/ Andrew J. Maxwell_
One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
**Maxwell Law Group**
3010 N. California Avenue
Chicago, IL 60618
312/368-1138