**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 18 B 3134 |
| | ) | |
| MOHAMMAD TAHSEEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR ENTRY OF ORDER HOLDING DEBTOR IN CONTEMPT OF COURT (EOD 179)**

This matter comes before the court on the motion of Trustee Andrew Maxwell ("Trustee") for entry of an order holding Mohammad Tahseen ("Debtor" or "Tahseen") in contempt of court for failure to obey a court order ("Motion for Contempt"). Having heard the testimony of the witnesses and the arguments of the parties, reviewed the exhibits admitted into evidence and the papers filed, the court will grant in part and deny in part the Motion for Contempt.

**FINDINGS OF FACT**

Debtor filed for relief under chapter 13 of the Bankruptcy Code on February 4, 2018. He voluntarily converted the case to chapter 7 on September 20, 2018. The Trustee filed a report of possible assets on December 5, 2018.

Among other assets, Debtor scheduled a piece of real property at 128 Essex Road in Elk Grove Village, Illinois ("Essex Road Property"). Debtor had not granted a mortgage on the Essex Road Property as of the petition date, but a tax purchaser ("TTLBL") had bought the delinquent real estate taxes. TTLBL eventually filed an amended proof of claim in the amount of $53,462.20. The proof of claim, filed on March 8, 2019, also stated that $25,474.78 in real estate taxes and penalties had accrued since the tax sale date and remained unpaid.

In July 2019, the court approved the Trustee's motion to employ a real estate broker to market the Essex Road Property for sale. EOD 117. To date, the Trustee has not brought a motion to approve a proposed sale.

On May 17, 2021, Debtor filed a motion asking the court to compel the Trustee to abandon the estate's interest in the Essex Road Property. A few days later, he filed a five-page attachment consisting of receipts for payment of sold and delinquent real estate taxes on the Essex Road Property. EOD 154.

On June 4, 2021, Trustee filed a motion to compel Debtor to deliver property of the estate and for other relief seeking relief under sections 542 and 521 of the Bankruptcy Code ("Motion for Turnover"). Without court authority, Debtor and his wife had granted a post-petition mortgage on the Essex Road Property in the approximate amount of $250,000. The Debtor received net proceeds in the amount of $184,637.03. Trustee informally requested a copy of the mortgage documents and turnover of all funds obtained from the underlying loan. When no documents or funds were forthcoming, Trustee filed the Motion for Turnover.

The court entered a briefing schedule on the Motion for Turnover and Debtor filed a response. On June 23, 2021, after considering Debtor's response and hearing the arguments of the parties, the court found that the funds were property of the estate under Section 541 and granted the Motion for Turnover. EOD 175 ("Turnover Order"). The Turnover Order requires that within five days, Debtor shall deliver to or at the direction of the Trustee:

    a)    evidence of insurance on the House, as defined in the Motion (128 Essex Road, Elk Grove Village, Illinois);

    b)    a complete copy of the mortgage loan documents, if any, including but not limited to the promissory note, mortgage, the closing statement for the mortgage loan, and a copy of the evidence of payment of proceeds (e.g., check copy, wire transfer confirmation, ACH transfer confirmation, or similar);

        c)       payment to Trustee in the full amount of the proceeds of the mortgage loan in a manner that will most expeditiously transfer the funds from the Debtor to the Trustee;

        d)       In addition, depending on where the mortgage loan proceeds were deposited, Debtor shall provide Trustee a copy of each bank or other financial statement for the account where the mortgage loan proceeds were deposited and complete details of any disbursement of any part of those funds.

About a month later, Trustee filed this Motion for Contempt. He acknowledged that Debtor partially complied with the Turnover Order by tendering certain documents. However, Debtor failed to pay the Trustee the full amount of the proceeds of the mortgage loan, to provide a copy of each bank statement for the account where the mortgage loan proceeds were deposited and to give complete details of any disbursement of any part of those funds. The Motion for Contempt was continued from time to time. The court then set the matter for an evidentiary hearing, which was conducted on October 13, 2021.

The Debtor continues to argue that turnover of the full amount of the proceeds from the mortgage loan is not required. On July 13, 2021, the Debtor drew a cashier's check in the amount of $45,588.00 payable to the Trustee (the "Partial Payment Amount"). The Debtor disclosed this to the Trustee by providing a copy of the check. He did not turn over the actual check. On July 28, 2021, the Trustee filed the Motion for Contempt. Only after filing the motion, on August 11, 2021, did the Debtor tender the Partial Payment Amount check to the Trustee. [1]

## CONCLUSIONS OF LAW

As a result of Debtor's failure to fully comply with the Turnover Order, the Trustee seeks an order holding Debtor in contempt and imposing sanctions. "A court's civil contempt power

---

[1] The Motion for Contempt does not address issues relating to the Debtor's actions in obtaining the mortgage loan and using the proceeds and, therefore, the court will not address additional actions that may be taken.

rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999). To hold a party in contempt, the court must find that he violated the "unequivocal command" of a court order. *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (quotation omitted). Orders of civil contempt impose sanctions that "are designed primarily to coerce the contemnor into complying with the court's demands." *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002). Such orders can also compensate the party who sought relief, awarding actual damages and attorney's fees. *See F.T.C. v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009).

Local Bankruptcy Rule 9020-1 provides that "[a] proceeding to adjudicate a person in civil contempt of court for conduct outside the presence of the court must be commenced under Fed. R. Bankr. P. 9020 … on … motion by a party in interest." LBR 9020-1 also requires the movant to file an affidavit "describing the alleged misconduct on which it is based, stating the total of any monetary claim occasioned thereby, and listing each special item of damage sought to be recovered." In this case, the Trustee is the party in interest who brought the Motion for Contempt. He filed an unsworn declaration under penalty of perjury in support of his motion ("Declaration").

The parties agree that the Debtor complied with paragraphs (a) and (b) of the Turnover Order. According to the Declaration and the testimony provided at the hearing, there is a dispute as to whether the Debtor complied with paragraphs (c) and (d).

The Trustee asks the court to hold the Debtor in contempt of court for failure to pay to the Trustee "the full amount of the proceeds of the mortgage loan in a manner that will most expeditiously transfer the funds from the Debtor to the Trustee." The Debtor justifies the Partial

Payment Amount, rather than payment of all proceeds, by asserting that proceeds were used for taxes and repairs made, or allocated to be made, to the Essex Road Property. According to the Debtor, the total for such items equals the remaining balance of mortgage loan proceeds. The Debtor testified that the Trustee was provided with a detailed reconciliation and supporting documentation. The reconciliation was not admitted as evidence nor provided to the court. The Debtor further admitted that not all repair items on the reconciliation actually had been incurred. Instead, some items on the reconciliation were simply allocated based on estimates and quotes. Debtor's counsel could not verify the amount of funds held by, or within the control of the Debtor, for the allocated items.

The Motion for Contempt is directed at the Debtor's compliance with the Turnover Order, which requires turnover of the full amount of the proceeds of the mortgage loan. In other words, turnover of property of the estate to the Trustee. The Debtor failed to turnover all proceeds or establish where such proceeds were spent or are being held. The Debtor made only the Partial Payment Amount and did so only after the Trustee filed a Motion for Contempt.

Since Debtor failed to comply the Turnover Order and provide the Trustee with the partial payment amount until August 10, 2021, the Trustee was forced to file the Motion for Contempt. The court will award the Trustee his reasonable attorneys' fees and expenses incurred for services directly related to this contempt proceeding through August 10, 2021.

Paragraph (d) of the Turnover Order states that "depending on where the mortgage loan proceeds were deposited, Debtor shall provide Trustee a copy of each bank or other financial statement for the account where the mortgage loan proceeds were deposited and complete details of any disbursement of any part of those funds." The evidence showed that Debtor has given the Trustee a copy of the relevant bank statements and continues to provide additional information as

requested. The Debtor has complied with Paragraph (d). To the extent the Trustee requests additional information and believes adequate responses are not provided, the Trustee can seek appropriate remedies.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED THAT**:

The Motion for Contempt is **GRANTED** in part and **DENIED** in part, as set forth herein; Mohammad Tahseen is held in contempt of court for failure to comply with paragraph (c) of the Turnover Order.  Tahseen may purge this contempt by 1) turning over all proceeds from the mortgage loan held by the Debtor, or within control of the Debtor, whether allocated for repairs or any other expense and 2) filing with the Court and providing to the Trustee a copy the mortgage loan reconciliation and all supporting documentation.  He must do so within fourteen (14) calendar days of the date of this order;

The Trustee shall file an accounting of his attorney's fees and expenses by November 5, 2021;

This matter is set for a status hearing on November 17, 2021, at 10:30 a.m. to determine whether Mohammad Tahseen has purged the contempt and to rule on the Trustee's accounting of his attorney's fees and expenses.  At that hearing, if the court finds that Mohammad Tahseen has not purged the contempt, it may consider whether to impose a daily sanction until the contempt is purged, or whether to direct arrest of Mohammad Tahseen by the United States Marshal.

ENTERED:

Date:  October 21, 2021

DAVID D. CLEARY
United States Bankruptcy Judge